

**NUMBER 13-07-00226-CR**

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS, Appellant,

v.

ERNESTO BERLANGA, Appellee.

**On appeal from the 107th District Court of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

This case involves a dismissal of an indictment by the trial court for want of prosecution in favor of appellee, Ernesto Berlanga. By one issue on appeal, the State argues that the trial court did not have the authority to dismiss its case against Berlanga without the prosecutor's consent. We reverse and remand for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Berlanga was indicted for murder. The first trial setting for this cause was set for January 17, 2006. The trial was repeatedly postponed, however, due to multiple requests for continuances. The last scheduled trial date was on March 19, 2007. On this date, the State requested a continuance, and Berlanga requested the trial court to dismiss the indictment against him on speedy trial grounds. The trial court denied Berlanga's motion to set aside the indictment on speedy trial grounds. Nevertheless, the trial court elected to dismiss the State's case without prejudice because the State was not ready to proceed with trial. The State now appeals this order of dismissal.

## ANALYSIS

We first find, without any objection from Berlanga, that the State has the right to appeal the indictment's dismissal under article 44.01(a)(1) of the Texas Code of Criminal Procedure.[1] On appeal, the State argues that the trial court lacked the authority to dismiss its case against Berlanga without the prosecutor's consent.

No general authority, written or unwritten, inherent or implied, permits a trial court to dismiss a criminal case without the prosecutor's consent.[2] Indeed, unless the State requests a dismissal, the trial court can dismiss only in limited circumstances, including the denial of a speedy trial, defects in the charging instrument, or when the State detains the defendant and does not properly present a charging instrument.[3] The trial court can also dismiss when constitutional concerns arise, in which a defendant suffers demonstrable

---

[1] TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon Supp. 2008).

[2] *State v. Johnson*, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991).

[3] *Id.* at 612 n.2.

2

prejudice, or a substantial threat therefor, and where the trial court is unable to identify and neutralize the taint by other means.[4] These rules apply equally to a case dismissed without prejudice, as they would to a case dismissed with prejudice.[5]

In the instant case, there is no exception applicable here that would have authorized the trial court to dismiss the case without the prosecutor's consent.[6] Accordingly, the trial court lacked the authority to dismiss the indictment against Berlanga.

## CONCLUSION

Having concluded that the trial court was without authority to dismiss the indictment against Berlanga, we sustain the State's sole issue, reverse the judgment of the trial court, and remand for proceedings consistent with this opinion.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 13th day of August, 2009.

---

[4] *State v. Terrazas*, 962 S.W.2d 38, 41 (Tex. Crim. App. 1998).

[5] *State v. Plambeck*, 182 S.W.3d 365, 369-70 (Tex. Crim. App. 2005).

[6] Berlanga's appellate counsel concedes as much in his brief.

3